# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JAMAL KEMO SAUNDERS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:14cv00227 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPT. OF CORRECTIONS, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Jamal Kemo Saunders, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Danville Circuit Court. I find that Saunders did not fully exhaust his state court remedies before filing this federal habeas petition and, therefore, I will dismiss this action without prejudice.

## I.

On January 16, 2014, the Danville Circuit Court convicted Saunders of malicious wounding, in violation of Virginia Code § 18.2-51; possessing a firearm as a convicted felon, in violation of Virginia Code § 18.2-308.2; and using a firearm to commit a felony, in violation of Virginia Code § 18.2-53.1. The court sentenced Saunders to 16 years incarceration, with 5 years suspended. Saunders appealed to the Court of Appeals of Virginia and his appeal is still pending. Saunders has not yet appealed to the Supreme Court of Virginia or filed a petition for writ of habeas corpus in any state court.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. *Slayton v. Smith*, 404 U.S. 53 (1971). In Virginia, a non-death row

felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, it is clear that Saunders has yet to pursue his instant claims in the Supreme Court of Virginia. Accordingly, I find that Saunders' petition is unexhausted.

### III.

Based on the foregoing, I will dismiss Saunders' habeas petition, without prejudice, as unexhausted.

**ENTER**: This 6th day of May, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE